**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 26, 2015

LETTER TO COUNSEL

RE:   *Bonnie Sue Mellon v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-1468

Dear Counsel:

On May 2, 2014, Plaintiff Bonnie Sue Mellon petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Ms. Mellon protectively filed a claim for Disability Insurance Benefits ("DIB") on August 24, 2010. (Tr. 64, 152–55). She alleged a disability onset date of October 1, 2009. (Tr. 152). Her claim was denied initially and on reconsideration. (Tr. 78–82, 85–87). An Administrative Law Judge ("ALJ") held a hearing on December 12, 2012. (Tr. 28–50). Following the hearing, the ALJ determined that Ms. Mellon was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14–27). The Appeals Council denied Ms. Mellon's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Mellon suffered from the severe impairments of cervical degenerative disc disease, lumbar degenerative disc disease, and status post left hip surgery. (Tr. 19). Despite these impairments, the ALJ determined that Ms. Mellon retained the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) except she is limited to occasional pushing/pulling, balancing, stooping, kneel [sic], crouching, climbing of ramps and stairs, and reaching overhead with both upper extremities. She can never crawl or climb ladders, ropes or scaffolds. She must avoid all exposure to extreme cold and heat, humidity, wetness, vibration, and hazards (e.g., heights and dangerous machinery).

*Bonnie Sue Mellon v. Commissioner, Social Security Administration*
Civil No. SAG-14-1468
January 26, 2015
Page 2

(Tr. 21).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Mellon could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 26–27).

Ms. Mellon raises two arguments on appeal.  First, Ms. Mellon claims that the ALJ should have given greater weight to the opinion of her treating physician.  Next, Ms. Mellon argues that the ALJ's RFC assessment does not adequately reflect all of her functional limitations.  Because I agree that the ALJ did not adequately evaluate the medical evidence in the record, remand is appropriate.  In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Mellon is not entitled to benefits is correct or incorrect.

First, Ms. Mellon claims that the ALJ's evaluation of the opinion of her treating physician, Dr. Koduah, was inadequate.  Pl. Mem. 8–9.  The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. § 404.1527.  *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001).  When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  20 C.F.R. § 404.1527(c)(2).  If a treating source's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c).

In this case, the ALJ assigned Dr. Koduah's opinion "very little weight because it is directly contradicted by the doctors [sic] own notations of repeated physical examination documenting normal gait (no assistive device was mentioned), as well as normal strength, range of motion, sensation, and reflexes throughout the spine and all four extremities."  (Tr. 25).  Although the ALJ referred to inconsistencies between Dr. Koduah's opinion and his own treatment notes, she did not discuss any additional factors or compare Dr. Koduah's conclusions to any other evidence of record before concluding that Dr. Koduah's opinion was entitled to "very little weight."  Ms. Mellon argues that the ALJ's rationale was insufficient.  Specifically, she claims that other medical evidence, specifically treatment notes from Parkway Neuroscience and Spine Institute ("Parkway"), is consistent with Dr. Koduah's opinion.  Although the ALJ did compare Dr. Koduah's treatment notes with some of the earlier treatment notes from Parkway, the ALJ erroneously stated that Ms. Mellon did not receive any treatment from Parkway subsequent to December 2011.  *See* (Tr. 23–24).  However, additional treatment notes from Parkway, dated January 2012 to October 2012, were submitted prior to the hearing, and, at the hearing, were added to the record by the ALJ.  (Tr. 31–32, 682–719).  Yet from the ALJ's erroneous statement, it is apparent that the ALJ did not consider the additional treatment notes from Parkway and any bearing they might have on either HER evaluation of Dr. Koduah's opinion or Ms. Mellon's RFC.  In light of the ALJ's superficial explanation for her assignment of very little weight to Dr. Koduah's opinion, the fact that she did not consider all of the medical

*Bonnie Sue Mellon v. Commissioner, Social Security Administration*
Civil No. SAG-14-1468
January 26, 2015
Page 3

evidence of record, and the fact that a sedentary RFC would render Ms. Mellon disabled under the medical vocational guidelines, I cannot determine that the ALJ's RFC determination was supported by substantial evidence.   On remand, the ALJ should evaluate the medical evidence in its entirety and determine whether the evidence she failed to consider alters her evaluation of Ms. Mellon's RFC.

For the reasons set forth herein, Ms. Mellon's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED.  The ALJ's opinion is VACATED and the case is REMANDED for further proceedings.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge